# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL W. COOK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-4354-RWS |
| ENCOMPASS INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case comes before the Court on the Motion for Summary Judgment of Encompass Insurance Company of America [17]. After reviewing the record, the Court enters the following Order.

## Background

On December 29, 2014, Danielle Stegall rear-ended Plaintiff Michael W. Cook's Dodge Caravan, rendering the vehicle a total loss. (Def. Encompass Ins. Co. of Am.'s Statement of Undisputed Material Facts ("Def.'s SOMF"), Dkt. [17-2] ¶ 1.) In a prior state court action, Plaintiff received, via settlement, $33,269.82 from State Farm, Stegall's insurance provider. (Id. ¶ 3.) He also

received $25,000 from his insurer, Defendant, the policy limit for uninsured/underinsured physical damage claims. (Id. ¶ 4.) Defendant subsequently tendered an additional $14,028.79 to close the physical damage and loss of use claim. (Id. ¶ 5.) To reach this amount, Defendant took the gross actual cash value of the vehicle ($71,048.61) minus the deductible ($1,000.00) plus the loss of use limit under the policy ($2,250.00). (Id.) From this subtotal of $72,298.61, Defendant subtracted the amounts Plaintiff already received from State Farm ($33,269.82) and Defendant ($25,000) leaving a total of $14,028.70. (Id.)

Plaintiff filed this suit on October 25, 2016, in the State Court of Fulton County, and Defendant removed the case to this Court on November 23, 2016. He seeks to recover the full $72,298.61, which he argues was agreed to by Meredith Todaro, Defendant's claims analyst. Defendant argues that the terms of the insurance policy entitle it to subrogation of the amounts Plaintiff has already received. Plaintiff also brings claims for attorney's fees and expenses of litigation and for bad faith by Defendant.

As an initial matter, Plaintiff's Request for Oral Hearing [25] is **DENIED**. The Court now addresses Defendant's motion for summary

judgment.

## Analysis

### I. Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome

3

of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

Additionally, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). No genuine issue of material fact exists "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Thus, if a party who has the burden of proof fails to make a showing sufficient to establish the existence of any essential element to a claim, summary judgment may be properly granted against him.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are

4

reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Analysis

Defendant argues that summary judgment is appropriate because the insurance policy's subrogation clause prohibits duplication of payments to Plaintiff. "[C]onstruction of a contract is a question of law for the court." Bituminous Cas. Corp. v. Advanced Adhesive Tech., Inc., 73 F.3d 335, 337 (11th Cir. 1996). This case, however, is not simply about the interpretation of the policy. Plaintiff's claim centers around a settlement he alleges Defendant agreed to via Meredith Todaro, Defendant's claims analyst. Defendant maintains that no agreement to settle was ever reached. (Def.'s SOMF, Dkt.

5

[17-2] ¶ 11.)  Plaintiff disagrees.  There is therefore a genuine dispute of material fact such that summary judgment cannot be granted as to this claim.

Plaintiff has also brought claims for attorney's fees and expenses under O.C.G.A. § 13-6-11 and for bad faith under O.C.G.A. § 33-4-6.  Attorney's fees and expenses are available "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . . ." O.C.G.A. § 13-6-11.  When an insurer refuses to pay, in bad faith, for a loss covered by a policy of insurance within 60 days of the demand by the insured, a penalty is available.  O.C.G.A. § 33-4-6.  The Court finds that the factual dispute regarding whether the parties reached a settlement precludes summary judgment on this issue as well.

## Conclusion

In accordance with the foregoing, the Motion for Summary Judgment of Encompass Insurance Company of America [17] is **DENIED**. Plaintiff's Request for Oral Hearing [25] is **DENIED**.  The parties are **ORDERED** to submit a proposed consolidated pretrial order within thirty days.

6

**SO ORDERED**, this 29th day of June, 2018.

_____
**RICHARD W. STORY**
United States District Judge